FILED - GR
December 13, 2010 2:13 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ald__/____ SCANNED BY: AUD, 12-13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALIO OCON-FIERRO,
Reg. No. 14232-040
Federal Satellite Low Elkton
P.O. Box 10
Lisbon, Ohio 44432

        Plaintiff,

 -vs-

DRUG ENFORCEMENT ADMINISTRATION,
8701 Morrissette Drive
Springfield, Virginia 22152

EXECUTIVE OFFICE FOR UNITED
  STATES ATTORNEYS,
600 E Street N.W., Suite 7300
Washington, D.C. 20530-0001

        Defendants.

Case No. - **1:10-cv-1228**
**Robert J. Jonker**
**U.S. District Judge**

COMPLAINT

    Rosalio Ocon-Fierro, Plaintiff herein, proceeding pro se, hereby complains against the Defendants Drug Enforcement Administration and Executive Office of United States Attorneys (hereinafter "DEA" and "EOUSA" separately, or "Defendants collectively) pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA").

    1. Plaintiff: Plaintiff is a prisoner in federal custody being held at the Federal Correctional Institution, Elkton, Ohio (satellite low facility). He is a resident of the Northern District of Illinois.

2.  Defendants: Defendant DEA is a component agency of the United States Department of Justice. DEA is an "agency" of the United States within the meaning of 5 U.S.C § 551(1).

3.  Defendant EOUSA is a component agency of the United States Department of Justice. EOUSA is an "agency" of the United States within the meaning of 5 U.S.C. § 551(1).

4.  Jurisdiction and Venue: This Court has jurisdiction to hear this complaint arising under the FOIA pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This District Court has venue pursuant to 5 U.S.C. § 552(a)(4)(B), because this is the judicial district in which the records being sought are located.

5.  Facts: Plaintiff was arrested pursuant to an indictment in this Court, Case No. 1:09-CR-69, pursuant to an investigation by the DEA and prosecution by the United States Attorney for the Western District of Michigan (hereinafter "USAWDMi"). On September 23, 2010, Plaintiff requested copies of all non-exempt records related to his investigation and prosecution in the possession of USAWDMi, by making request to EOUSA as required by 28 CFR § 16.81 and Part 16, Appendix. Plaintiff's request was given Request No. 10-3535 by EOUSA on October 5, 2010.

6.  At the same time, Plaintiff requested by letter transmitted on September 23, 2010, all non-exempt records relating to any investigation of him by DEA, including without limitation records of the investigation leading to his being charged in Case No. 1:09-CR-69. By correspondence sent to Plaintiff by DEA on

October 1, 2010, Plaintiff's request was given Case Number 10-01037-P. DEA stated that "unusual circumstances" applied to Plaintiff's request within the meaning of 5 U.S.C. § 552(a)(g)(B)(iii) and that thus, the agency would require 30 working days from October 1, 2010, to "act on your request." However, DEA stated, it did not expect to make a determination within that period of time due to "the current substantial backlog of requests for DEA records."

7. The twentieth working day after October 5, 2010, the latest date on which EOUSA received the FOIA request, was Wednesday, November 3, 2010. The thirtieth working day after October 1, 2010, the latest date of which DEA received Plaintiff's FOIA request, was Monday, November 15, 2010. As of December 7, 2010, Plaintiff has received no determination from EOUSA or from DEA about whether either agency will release records, and - if so - what records will be released and what records will not be released.

### COUNT 1

8. The allegations of fact set out in Paragraphs 1 through 7 are incorporated herein as if set out fully.

9. EOUSA has violated 5 U.S.C. § 552(a)(6)(A)(i) of the FOIA by failing to inform Plaintiff within twenty days as to its decision as to the releasability of the documents Plaintiff has requested.

10. Pursuant to 5 U.S.C. § 552(a)(4)(B), Plaintiff is entitled to an injunction from this Court enjoining EOUSA from withholding the documents requested by Plaintiff, and an order that EOUSA produce said documents forthwith.

### COUNT 2

11. The allegations of fact set out in Paragraphs 1 through 10 are incorporated herein as if set out fully.

12. DEA has violated 5 U.S.C. § 552(a)(6)(A)(i) of the FOIA by failing to inform Plaintiff within thirty working days as to its decision as to the releasability of the documents Plaintiff has requested.

13. Pursuant to 5 U.S.C. § 552(a)(4)(B), Plaintiff is entitiled to an injunction from this Court enjoining DEA from withholding the documents requested by Plaintiff, and an order that DEA produce said documents forthwith.

### AWARD OF FEES

14. The allegations of fact set out in Paragraphs 1 through 13 are incorporated herein as if set out fully.

15. Plaintiff is entitled to be reimbursed his court costs paid for bringing this action, and Defendants should be taxed all costs, pursuant to 5 U.S.C. § 552(a)(4)(E).

-5-

WHEREFORE, judgment should be entered against both Defendants, an injunction should issue enjoining Defendants from further violations of the FOIA, an order should issue that Defendants should produce all documents requested by Plaintiff, Plaintiff should be awarded his court costs, and all costs in excess of Plaintiff's deposit should be taxed to Defendants, and this Court should grant such additional relief as is equitable in the premises. The statements of fact made herein are true, under penalty of perjury under the laws of the United States.

Executed December 5, 2010

*(signature)*
Rosalio Ocon-Fierro
Reg. No. 14232-040
Federal Satellite Low Elkton
P.O. Box 10
Lisbon, Ohio  44432