UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALIO OCON-FIERRO,

    Plaintiff,

Case No. 1:10-cv-1228

Hon. Robert J. Jonker

v.

DRUG ENFORCEMENT ADMINISTRATION and
EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* action in which plaintiff has alleged that defendants violated provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is now before the court on defendants' motion to dismiss plaintiff's second amended complaint (docket no. 25).

**I.    Plaintiff's Claims**

Plaintiff is a prisoner is a federal correctional facility. Compl. at ¶ 1. He was arrested pursuant to an indictment in *United States v. Ocon-Fierro,* No. 1:09-cr-69 (W.D. Mich.). Plaintiff later pled guilty in that case to possession with intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and, on October 19, 2009, judgment was entered sentencing him to 144 months in custody, 5 years supervised release and a $100.00 special assessment. *Id.* (docket nos. 11, 12, 18 and 20). Plaintiff filed his original complaint December 13, 2010, alleging that defendants Drug Enforcement Agency ("DEA") and the Executive Office of the United States Attorneys ("EOUSA") failed to comply with his FOIA requests.

Defendants moved to dismiss plaintiff's complaint because (1) he failed to exhaust administrative remedies prior to filing his action in federal court and (2) defendants responded to this FOIA requests after he filed this action, but before service of his complaint on defendants, rendering his request for injunctive relief moot. *See* Motion and Brief (docket nos. 5 and 6). Plaintiff filed an amended complaint, which both supplemented and amended the original complaint, contesting defendants' responses to his FOIA requests made since he filed this lawsuit. See Amend. Compl. (docket no. 10). The court denied defendants' original motion to dismiss, because plaintiff's amended complaint, filed as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), superseded the original complaint. This in turn rendered defendants' motion to dismiss moot. Order (docket no. 15).

Shortly thereafter, the court granted plaintiff's motion to file a second amended complaint, which contains the following allegations. On September 23, 2010, plaintiff requested from the DEA and the EOUSA copies of the records in their possession related to his investigation and prosecution. Second Amend. Compl. at ¶¶ 6-7 (docket no. 22). The DEA assigned a case number to plaintiff's request on or about October 1, 2010. *Id.* at ¶ 9. On that date, the DEA sent plaintiff written notification that unusual circumstances existed in his case within the meaning of 5 U.S.C. § 552(a)(6)(B)(iii) and that the agency would require 30 working days from that date to act on plaintiff's request. *Id.* The DEA further stated that it did not expect to make a determination within that time period due to "the current substantial backlog of requests for DEA records." *Id.* Plaintiff calculated the 30th working day as November 22, 2010. *Id.* at ¶ 11.

The EOUSA received plaintiff's FOIA letter on or about September 30, 2010. *Id.* at ¶ 10. The 20th working day after that date was November 4, 2010. *Id.* The EOUSA notified

plaintiff that it received his request on October 5, 2010. *Id.* at ¶¶ 8, 10. The EOUSA did not make any further response to plaintiff's request prior to December 13, 2010, the date when plaintiff filed the present action seeking a court order that defendants produce the requested documents. *Id.* at ¶ 12.

On April 5, 2011, the DEA released 21 pages of documents to plaintiff. *Id.* at ¶ 13. Twenty of those pages were redacted pursuant to exemptions claimed under 5 U.S.C. §§ 552(b)(1) through (b)(7). *Id.* at ¶ 13. The 21st (final) page of the disclosure was a photocopy of a "CD-ROM or DVD-ROM" which claimed exemptions from disclosure pursuant to 5 U.S.C. §§ 552(b)(7)(C) and (b)(7)(F). *Id.* at ¶ 13. The response included a handwritten notation "could not open files on CD - unknown file formats." *Id.*

The DEA released additional documents in a letter dated April 8, 2011. *Id.* at ¶ 14. These documents had certain redactions which referred to exemptions from disclosure pursuant to 5 U.S.C. §§ 552(b)(1) through (b)(7). *Id.* The letter stated that 26 pages were released and no pages were withheld, but the pages that accompanied the letter were numbered from "page 1" through "page 4," and then "page 12" through "page 33," with no pages numbered "page 5" through "page 11." *Id.*

Plaintiff refers to an affidavit executed by William C. Little, Jr., which was filed in support of defendants' first motion for summary judgment, in which Mr. Little (the attorney assigned by the DEA to respond to plaintiff's FOIA request), stated that he had "obtained the records" maintained by the DEA that related to plaintiff's FOIA request. *See* Little Aff. (docket no. 6-1 at pp. 2-6). Plaintiff alleged that notwithstanding this affidavit, and the DEA's assertion in its original

motion to dismiss that plaintiff had been provided with the requested non-exempt records, the DEA wrote to plaintiff on October 4, 2011 to inform him that additional records had been discovered:

> As a result of a further review, it was discovered that in response to your direct request to DEA, an investigative case file in which you were mentioned was not searched. Also, with respect to the EOUSA referral, the processing determinations regarding the page that was a Xerox copy of a compact disc were made in error. These deficiencies were remedied by searching the additional investigative file and obtaining the original compact disc. In total, an additional 191 pages of responsive material were identified.

[check quote] *Id.* at ¶¶ 15-16. The letter further stated that of the 191 pages that had been found, 40 pages were released in their entirety, 25 pages were withheld in their entirety, and portions of the remaining 126 pages were redacted, with the withholding and redactions made pursuant to exemptions in 5 U.S.C. §§ 552(b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E) and (b)(7)(F). *Id.* at ¶ 16.

The EOUSA released certain documents to plaintiff in a letter dated January 11, 2011. *Id.* at ¶ 17. The letter stated that 50 pages were withheld in their entirety. *Id.* Plaintiff believes that these pages include grand jury transcripts and plaintiff's pre-sentence report. *Id.*

Plaintiff alleged that because he filed his original complaint on December 13, 2010, he did not appeal the release of documents contained in defendants' responses dated January 11, 2011, April 5, 2011, April 8, 2011, and October 4, 2011. *Id.* at ¶ 18.

The second amended complaint has alleged seven counts for relief. Each count seeks injunctive relief under 5 U.S.C. § 552(a)(4)(B).[1] Count I seeks to enjoin the EOUSA from

---

[1] Title 5 U.S.C. § 552(a)(4)(B) provides that:

On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of

withholding non-exempt documents and to order the EOUSA to adequately or reasonably search its files and retrieve such documents or records. *Id.* at ¶ 23. Count II seeks to enjoin both defendants from withholding part or all of any of the documents at issue pursuant to a claimed exemption under 552 U.S.C. § 552(b)(2), and order that defendants produce documents or portions of documents previously withheld pursuant to that exemption. *Id.* at ¶ 27.[2] Count III seeks to enjoin defendants from withholding part or all of any of the documents at issue pursuant to a claimed exemption under 5 U.S.C. § 552(b)(7)(C), and order that defendants produce documents or portions of documents previously withheld pursuant to that exemption. *Id.* at ¶ 31.[3] Count IV seeks to enjoin defendants from withholding part or all of any of the documents at issue pursuant to a claimed exemption under 5 U.S.C. § 552(b)(7)(E), and order that defendants produce documents or portions of documents previously withheld pursuant to that exemption. *Id.* at ¶ 35.[4] Count V seeks to enjoin defendants from withholding part or all of any of the documents at issue pursuant to a claimed exemption under 5 U.S.C. § 552(b)(7)(F), and order that defendants produce documents or portions of documents

---

this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

[2] Title 5 U.S.C. § 552(b)(2) exempts matters that are "related solely to the internal personnel rules and practices of an agency."

[3] Title 5 U.S.C. § 552(b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . ."

[4] Title 5 U.S.C. § 552(b)(7)(E) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to endanger the life or physical safety of any individual. . . "

previously withheld pursuant to that exemption. *Id.* at ¶ 39.[5] Count VI seeks to enjoin defendants from withholding part or all of any of the documents at issue pursuant to a claimed exemption under 5 U.S.C. § 552(b)(7)(D), and order that defendants produce documents or portions of documents previously withheld pursuant to that exemption. *Id.* at ¶ 43.[6] In Count VII, plaintiff seeks an injunction against the DEA pursuant to 5 U.S.C. § 552(a)(4)(B), to enjoin it from withholding part or all of any documents without a claim of exemption, and order that the DEA produce pages 5 through 11 of its 26-page letter dated April 8, 2011 letter, i.e., pages 5 through 11, without a claim of exemption. *Id.* at ¶¶ 45-48. Finally, plaintiff seeks an award of his court costs for filing this FOIA action pursuant to 5 U.S.C. § 552(a)(4)(E). *Id.* at ¶ 49.[7]

## II. Defendants' motion to dismiss

### A. Standard of review

Defendants contend that plaintiff failed to exhaust his administrative remedies, and have moved to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim), noting that courts differ as to

---

[5] Title 5 U.S.C. § 552(b)(7)(F) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (F) could reasonably be expected to endanger the life or physical safety of any individual[.]"

[6] Title 5 U.S.C. § 552(b)(7)(D) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source. . ."

[7] Title 5 U.S.C. § 552(a)(4)(E)(i) provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

6

whether exhaustion should be raised as lack of subject matter jurisdiction or for failure to state a claim. Defendants' Brief at p. 4 (docket no. 26). The Sixth Circuit has taken the position that the failure to administratively exhaust FOIA requests is a jurisdictional issue. *See Reisman v. Bullard*, 14 Fed. Appx. 377, 379 (6th Cir. 2001) ("We also agree with the district court that the Reismans' failure to exhaust administratively their tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and their document requests under the FOIA deprived the district court of jurisdiction") *citing In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986). *See generally*, *Hull v. I.R.S., United States Department of the Treasury*, 656 F.3d 1174, 1181-82 (10th Cir. 2011) (reviewing Circuit Court decisions on whether exhaustion under the FOIA "is a prudential consideration rather than a jurisdiction prerequisite" and noting that the Sixth Circuit is in the minority in holding that exhaustion is a jurisdictional issue). Accordingly, the court will review this matter as one brought for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.* In resolving motions to dismiss, the court has a duty to construe a *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Finally, "when subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to

7

dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).[8]

### B. Exhaustion requirement

"Exhaustion of administrative remedies is a threshold requirement to a FOIA claim." *Auto Alliance International, Inc. v. United States Customs Service*, 155 Fed.Appx. 226, 228 (6th Cir. 2005). *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[t]he FOIA clearly requires a party to exhaust all administrative remedies before seeking judicial review"). "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Id.* at 1367-68. The party seeking information under the FOIA "must request specific information in accordance with published administrative procedures" and "have the request improperly refused before that party can bring a court action under the FOIA." *In re Steele*, 799 F.2d at 466, *citing* 5 U.S.C. § 552(a)(1), (2) & (3); 5 U.S.C. § 552(a)(4)(B). *See Reisman*, 14 Fed. Appx. at 379 (dismissing the plaintiff's FOIA claim in part because "[the plaintiffs] failed to show that they exhausted their FOIA remedies by requesting specific information in accordance with

---

[8] In reaching this determination, the court is aware of the Sixth Circuit's decision in *Hoogerheide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011), which noted the "vanishing distinction between the mandatory requirements of a cause of action and jurisdiction over that cause of action," and the Supreme Court's decision in *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006), in which the latter court stated that:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh*, 546 U.S. at 516. Despite this language in *Arbaugh*, as the court noted in *Hull*, 656 F.3d at 1181-82, the Circuits disagree as to whether exhaustion of remedies under the FOIA is a jurisdictional issue.

published administrative procedures and having their request improperly refused before they brought their district court action") (citing *Steele*).

        **C.    Discussion**

        **1.    Chronology**

After reviewing the allegations and attachments to the second amended complaint and the docket sheet, the court has constructed the following history of plaintiff's FOIA requests, defendants' responses, and the litigation history.

<u>September 23, 2010</u>. Plaintiff sent his FOIA requests to the DEA and EOUSA. Plaintiff's request directed to the DEA sought "all non-exempt records relating to any investigation of me, including without limitation the investigation that resulted in whole or in part in my indictment in Case No. 1:09-cr-62 [sic] in the United States District Court for the Western District of Michigan." DEA Request (Sept. 23, 2010) (docket no. 22-1 at p. 2). Plaintiff's request directed to the EUOSA sought the same records. EOUSA Request (Sept. 23, 2010) (docket no. 22-1 at p. 4). While plaintiff's requests sought information from the wrong criminal case docket number ( 1:09-cr-62), the requests also referred to the correct criminal case number.

<u>October 1, 2010</u>. In a letter dated October 1, 2010 the DEA advised plaintiff that it had received his request and that unusual circumstances existed under 5 U.S.C. § 552(a)(6)(B)(iii) because he sought investigative records. These unusual circumstances extended the time for the DEA to make a determination by 10 working days, for a total of 30 working days from the date of plaintiff's request. The DEA did not expect a determination to be made on this request within 30 working days, and advised plaintiff that "you may modify your request by limiting its scope to speed

9

processing and/or you may seek an alternative time frame for processing your request or modified request." DEA Response (Oct. 1, 2010) (docket no. 22-1 at pp. 8-9).

October 6, 2010. In a letter dated October 6, 2010, the EOUSA advised plaintiff that it had received his request, that it "will be placed in the order in which it was received for processing, unless it is a very large request (Project Request)," that Project requests are placed in a separate group processed in the order received, and that while the EOUSA makes every effort to process most requests within a month (20 working days), "Project Requests usually take approximately nine months to process." The EOUSA further advised plaintiff that requests for "all information about myself in criminal case files" are usually considered Project Requests and that if he made such a request, he could either write to the EOUSA and narrow the request for specific items, or that "[he] may expect that the processing of [his] request may take nine months from the date of this letter." EOUSA Response (Oct. 6, 2010) (docket no. 22-1 at p. 6).

December 13, 2010. Plaintiff filed this FOIA action against the DEA and EOUSA. Compl. (docket no. 1).

January 5, 2011. In a letter dated January 5, 2011, the EOUSA provided a response to plaintiff's request which included 21 pages released in full, 8 pages released in part, and 50 pages withheld in full. The EOUSA advised plaintiff that this was the final action on the request, and that he could appeal the decision within 60 days pursuant to 28 C.F.R. § 16.9. EOUSA Response (Jan. 11, 2011) (docket no. 22-2 at pp. 13-15).

March 14, 2011. The Court issued a notice of impending dismissal to plaintiff for his failure to serve defendants with a summons and complaint in this action. Notice (docket no. 2).

10

April 5, 2011. In a letter dated April 5, 2011, the DEA provided a response to plaintiff's request which included 1 page withheld, 20 pages released, and a photocopy of a CD which was marked "could not open files on CD - unknown file formats." The DEA advised plaintiff that this was the final action on the request, and that he could appeal the decision within 60 days pursuant to 28 C.F.R. § 16.9. DEA Response (April 5, 2011) (docket no. 22-2 at pp. 2-3 and 5).

April 8, 2011. In a letter dated April 8, 2011, the DEA provided another response to plaintiff's request after performing a query on the DEA's Investigative Reporting and Filing System. This additional query yielded 26 documents which were provided to plaintiff. The DEA advised plaintiff that this was the final action on the request, and that he could appeal the decision within 60 days pursuant to 28 C.F.R. § 16.9. DEA Response (April 8, 2011) (docket no. 22-2 at pp. 7-8).

April 19, 2011. The court issued summonses to plaintiff for service on the defendants. Unnumbered docket entry (April 19, 2011).

June 15, 2011. Defendants filed their first motion to dismiss. Motion (docket no. 5).

July 7, 2011. Plaintiff filed his first amended complaint. Amend. Compl. (docket no. 10).

October 4, 2011. In a letter dated October 4, 2011, the DEA provided plaintiff with supplemental records. The DEA located 172 pages from an additional investigative file and 19 photographs from the previously identified CD. Of the 191 pages identified as responsive, 25 were withheld in their entirety, 40 released in their entirety and information withheld on portions of 126 pages. DEA Response (Oct. 4, 2011) (docket no. 22-2 at pp. 10-11).

January 30, 2012. The court denied defendants' first motion to dismiss as moot. Order (docket no. 15)

February 17, 2012. Plaintiff filed his second amended complaint. Second Amend. Compl. (docket no. 22).

March 19, 2012. Defendants filed their motion to dismiss plaintiff's second amended complaint. Motion (docket no. 25).

### 2. Plaintiff did not exhaust his administrative remedies

The "FOIA provides for two different types of exhaustion, actual and constructive." *Taylor*, 30 F.3d at 1368. "Actual exhaustion occurs when the agency denies all or part of a party's document request. Constructive exhaustion occurs when certain statutory requirements are not met by the agency." *Id.*

As an initial matter, plaintiff claims were not constructively exhausted. A person is deemed to have constructively exhausted all of his administrative remedies if the agency fails to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6)(C). *Id.* The relevant portion of the statute provides as follows:

> Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection [5 U.S.C. § 552(a)(1), (2) and (3)] shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request. Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.

5 U.S.C. § 552(a)(6)(C)(i).

Two time limits are stated in 5 U.S.C. § 552(a). *Taylor*, 30 F.3d at 1368. First, after receiving an FOIA request, a federal agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination[.]" 5 U.S.C. § 552(a)(6)(A)(i).

Second, in the case of an appeal, a federal agency shall "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection." 5 U.S.C. § 552(a)(6)(A)(ii)

However, in certain prescribed circumstances, an agency may extend the response time if it provides notice to the requester under 5 U.S.C. § 552(a)(6)(B). *See Taylor*, 30 F.3d at 1368. This statute provides in pertinent part that:

> **(i)** In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph.
>
> **(ii)** With respect to a request for which a written notice under clause (i) extends the time limits prescribed under clause (i) of subparagraph (A), the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. To aid the requester, each agency shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between

the requester and the agency. Refusal by the person to reasonably modify the request or arrange such an alternative time frame shall be considered as a factor in determining whether exceptional circumstances exist for purposes of subparagraph (C).

5 U.S.C. § 552(6)(B)(i) and (ii).

Here, the DEA and EOUSA responded to plaintiff's requests within the 20-day period under 5 U.S.C. § 552(a)(6)(A)(i), issuing letters on October 1, 2010 and October 6, 2010, respectively. In these letters, the DEA and EOUSA advised plaintiff that, given the nature of his requests, they would require additional time to file a response. These letters were consistent with the applicable regulation, 28 C.F.R. § 16.5, which allows agencies to extend the response time based upon the order in which the request was received and the complexity of the request.[9] Upon receipt

---

[9] 28 C.F.R. § 16.5 provides in pertinent part:

(a) In general. Components ordinarily shall respond to requests according to their order of receipt.

(b) Multitrack processing.

> (1) A component may use two or more processing tracks by distinguishing between simple and more complex requests based on the amount of work and/or time needed to process the request, including through limits based on the number of pages involved. If a component does so, it shall advise requesters in its slower track(s) of the limits of its faster track(s).

> (2) A component using multitrack processing may provide requesters in its slower track(s) with an opportunity to limit the scope of their requests in order to qualify for faster processing within the specified limits of the component's faster track(s). A component doing so will contact the requester either by telephone or by letter, whichever is more efficient in each case.

(c) Unusual circumstances.

> (1) Where the statutory time limits for processing a request cannot be met because of "unusual circumstances," as defined in the FOIA, and the component determines to extend the time limits on that basis, the component shall as soon as practicable notify the requester in writing of the unusual circumstances and of the date by which processing of the request can be expected to be completed. Where the extension is for more than ten

14

of these letters, plaintiff could have modified the scope of his request or requested expedited processing by the agency. *See* 28 C.F.R. 16.5(d)(2) ("[a] request for expedited processing may be made at the time of the initial request for records or at any later time"). However, rather than contacting the agencies to expedite his requests, plaintiff filed the present lawsuit to obtain a court order compelling the agencies to respond. Based on these circumstances, plaintiff did not constructively exhaust his claims against defendants.

Then, when the agencies responded to his requests in 2011, plaintiff did not pursue the administrative appeal process; rather, he twice amended his complaint to include the most recent responses made to his FOIA requests. At this juncture, plaintiff had an opportunity to actually exhaust his claims by appealing the EOUSA's response of January 11, 2011 and the DEA's response of April 5, 2011 as adverse determinations pursuant to 28 C.F.R. § 16.9 (and was in fact advised of his right to do so by the agencies).[10]

---

> working days, the component shall provide the requester with an opportunity either to modify the request so that it may be processed within the time limits or to arrange an alternative time period with the component for processing the request or a modified request.
>
> (2) Where a component reasonably believes that multiple requests submitted by a requester, or by a group of requesters acting in concert, constitute a single request that would otherwise involve unusual circumstances, and the requests involve clearly related matters, they may be aggregated. Multiple requests involving unrelated matters will not be aggregated.

28 C.F.R. § 16.5(a), (b) and (c).

[10] 28 C.F.R. § 16.9 provides as follows:

(a) Appeals of adverse determinations. If you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530–0001. You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter

In summary, plaintiff's original complaint was premature because he had neither constructively nor actually exhausted his claims. Then, plaintiff attempted to bypass the administrative appeal process by twice amending his complaint to contest the most recent responses received from defendants. Plaintiff should not be allowed to bypass the administrative appeal process by filing a premature lawsuit, and then contesting the agencies' FOIA responses by amending his complaint. By sidestepping the administrative appeal process, plaintiff seeks to have this court evaluate the agencies' responses to his FOIA requests in the first instance, without the benefit of an administrative record.

> It is axiomatic that one must exhaust administrative remedies before resorting to judicial review. The basic purpose of the exhaustion doctrine is to allow an

---

> denying your request. Your appeal letter may include as much or as little related information as you wish, as long as it clearly identifies the component determination (including the assigned request number, if known) that you are appealing. For the quickest possible handling, you should mark your appeal letter and the envelope "Freedom of Information Act Appeal." Unless the Attorney General directs otherwise, a Director of the Office of Information and Privacy will act on behalf of the Attorney General on all appeals under this section, except that:
>
>> (1) In the case of an adverse determination by the Deputy Attorney General or the Associate Attorney General, the Attorney General or the Attorney General's designee will act on the appeal;
>>
>> (2) An adverse determination by the Attorney General will be the final action of the Department; and
>>
>> (3) An appeal ordinarily will not be acted on if the request becomes a matter of FOIA litigation.
>
> (b) Responses to appeals. The decision on your appeal will be made in writing. A decision affirming an adverse determination in whole or in part shall contain a statement of the reason(s) for the affirmance, including any FOIA exemption(s) applied, and will inform you of the FOIA provisions for court review of the decision. If the adverse determination is reversed or modified on appeal, in whole or in part, you will be notified in a written decision and your request will be reprocessed in accordance with that appeal decision.
>
> (c) When appeal is required. If you wish to seek review by a court of any adverse determination, you must first appeal it under this section.

> administrative agency to perform functions within its special competence - to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies. By limiting judicial interruption of agency proceedings, the doctrine also promotes a sensible division of tasks between the agency and the courts: parties are discouraged from weakening the position of the agency by flouting its processes and the courts' resources are reserved for review and resolution of those matters where a dispositive solution is unavailable in the administration process. Thus, the doctrine serves interests of accuracy, efficiency, agency autonomy and judicial economy.

*Shawnee Coal Company v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (internal citations and quotation marks omitted). Accordingly, plaintiff's second amended complaint should be dismissed for lack of exhaustion.

### III. Recommendation

For these reasons, I respectfully recommend that defendants motion to dismiss plaintiff's second amended complaint (docket no. 25) be **GRANTED**.


Dated: February 15, 2013                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).